UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LONNIE KADE WELSH,<br>Institutional ID No. 6516607<br><br>Plaintiff,<br><br>v.<br><br>MANAGEMENT AND TRAINING CORPORATION, *et al.*,<br><br>Defendants. | No. 5:24-CV-00069-H |

**ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This lawsuit arises out of a variety of events at the Texas Civil Commitment Center (TCCC) beginning in 2022. In his amended complaint, Dkt. No. 25, Welsh, a civilly detained Sexually Violent Predator (SVP), sued 4 defendants alleging an assortment of constitutional violations under 42 U.S.C. § 1983 as well as state law. He seeks compensatory and punitive damages.

United States Magistrate Judge Amanda "Amy" R. Burch, made findings, conclusions, and a recommendation (FCR) in this case. Dkt. No. 75. Specifically, Judge Burch recommended that the Court grant in part Defendants' motion for summary judgment, Dkt. No. 55, and dismiss Welsh's federal claims against all of the defendants except for his excessive-force claims against Defendants Wayne Schmoker and James Winckler based on allegations that they prevented Welsh from decontaminating after two use-of-chemical-force incidents. Judge Burch also recommended that the Court dismiss Welsh's state-law claims without prejudice and deny Welsh's Rule 56(d) motions requesting

a stay to conduct additional discovery. Dkt. Nos. 54; 74. Welsh filed lengthy objections. Dkt. Nos. 79; 79-1.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Com'n*, 834 F.2d 419 (5th Cir. 1987), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation. Additionally, in light of Welsh's specific objections, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Many of Welsh's objections consist of restatements of arguments made in his amended complaint or in response to Defendants' motion for summary judgment, arguments thoroughly addressed by the FCR, self-serving and conclusory statements, arguments premised on irrelevant case law, or mere disagreements with the Magistrate Judge's wording. The Court finds that the objections do not warrant revisiting, modifying, or rejecting the FCR. Thus, the objections are overruled, and the Court expressly accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

As a result, the Court orders:

(1) Plaintiff's motions for discovery under Federal Rule of Civil Procedure 56(d), Dkt. Nos. 54 & 74, are denied.

(2) The Court grants summary judgment for the defendants on the following claims and dismisses them with prejudice:

a. All excessive-force claims based on the use of chemical spray;

b. All substantive due process claims based on SMU conditions;

c. All procedural due process claims based on placing Welsh in the SMU, forcing him to wear restraints, and subjecting him to SMU conditions without adequate procedural protections;

d. All excessive-force claims based on being required to wear hand restraints;

e. All deliberate-indifference claims based on a delay in dental care, denial and/or delay of care for bilateral neuropathy and urination disorder, and being required to wear restraints;

f. All First and Fourteenth Amendment claims based on limiting phone calls and visitation privileges, limiting book orders due to package restrictions, and not being able to speak to other TCCC residents;

g. All retaliation claims; and

h. All policy claims against MTC and Bowers and Schmoker in their official capacities relating to use-of-force, disciplinary, and general SMU policies.

(3) The Court denies Defendants Winckler and Schmoker summary judgment as to Plaintiff's excessive-force claims against them in their individual capacities based on Welsh's alleged inability to contaminate following the use of chemical spray after each of the use-of-force incidents.

(4) The Court dismisses Plaintiff's state-law claims without prejudice.[1]

---

[1] Plaintiff objected to the dismissal of his state-law claims for assault, arguing that because the excessive-force claims are proceeding, those claims should also proceed. *See* Dkt. No. 79-1 at 25. However, as noted in the FCR, Plaintiff "asserted state-law claims for (1) medical assault based on the same facts forming the basis of his deliberate-indifference to medical needs claims; (2) conversion for taking commissary items and his PlayStation 3; and (3) negligence per se for allowing Welsh to be chemically sprayed." *See* Dkt. No. 75 at 66, citing Dkt. No. 25 at 15, 20–21. As Plaintiff's medical-assault claims do not relate to his remaining claims against Winckler and Schmoker for

(5) All relief not expressly granted is denied, and any pending motions are denied.

(6) The Court will schedule the remaining claims for trial by separate order and will refer the matter to a United States Magistrate Judge for mediation before trial.

(7) Plaintiff must pay the $500 sanction imposed by the Fifth Circuit Court of Appeals in *Welsh v. Williams*, No. 24-11108 (5th Cir. Aug. 7, 2026), prior to filing any further pleadings in this case.

Dated September 22, 2026.

James Wesley Hendrix
United States District Judge

subjecting him to excessive force by preventing him from decontaminating after each use of force incident, the FCR did not err in this conclusion.